**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CHRISTOPHER R. BENTLEY,** ) | |
| **#15746-018,** ) | |
|        **Petitioner,** ) | |
| ) | |
| **v.** ) | **3:09-CV-0524-B** |
| ) | |
| **DEPARTMENT OF HOMELAND** ) | |
| **SECURITY, et al.,** ) | |
|        **Respondents.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for habeas corpus relief filed by a federal prisoner

pursuant to 28 U.S.C. § 2241, et seq.

Parties: Petitioner is presently confined within the Bureau of Prisons (BOP) at Big Spring

Correctional Center in Big Spring, Texas.  Respondents are the Department of Homeland

Security, Immigration Customs Enforcement (ICE), Warden Tim Strain, and Senior Warden

David Justice.  The court did not issue process in this case pending preliminary screening.

Statement of Fact:  Petitioner, a native and citizen of Jamaica, entered the United States

in 1984 as a permanent resident alien.  (Pet. at Exh. U, Respondent's Brief in No. 06-20814 (5th

Cir. 2006)).  In 1988, following a Texas State court conviction, he was ordered removed by an

Immigration Judge in Houston, Texas.  (*Id.*).  He did not appeal that decision to the Board of

Immigration Appeals and in 1989 he was deported.  (*Id.*).  It appears that Petitioner returned to

the United States at some point after his deportation.  (*Id.*).  On October 30, 1992, he was

convicted in the United States District Court for the Eastern District of New York for, *inter alia*,

murder in the aid of racketeering and received a prison sentence of 240 months.  (*Id.*).

Thereafter, the former Immigration and Naturalization Service lodged a detainer action letter

with the BOP seeking advance notice of Petitioner's release from prison.  (*Id;* see also Pet. at

Exh. D, for copy of immigration detainer issued Apr. 6, 1993).

      In 2005, Petitioner filed a petition for writ of habeas corpus in the U.S. District Court for

the District of New Jersey, challenging his 1988 deportation order.  *Bentley v. INS*, No.

1:05cv3023 (D. N.J. Jun. 13, 2005).  Following a transfer under the Real ID Act to be construed

as a petition of review, the U.S. Court of Appeals for the Fifth Circuit dismissed the petition,

including any nationality claim, for lack of jurisdiction.  *Bentley v. Gonzales*, No. 05-60814. slip

op. at 2 (5th Cir. Aug. 15, 2006).  The Court concluded the petition was not filed within thirty

days of a final removal order and Petitioner had failed to exhaust his administrative remedies.

*Id.*

      Shortly thereafter, Petitioner filed a federal habeas petition challenging the immigration

detainer action letter.  *See Bentley v. Samuels*, No. 1:06-4157 (D. N.J. Sep. 1, 2006).  The district

court dismissed the petition for want of jurisdiction, concluding Petitioner did not satisfy the "in

custody" requirement for habeas relief to lift the detainer.  *Id.* Sep. 13, 2006 Order at 5.  The

court also found the immigration detainer, and the BOP program limits it triggered, did not

violate the Equal Protection Clause.  *Id.* at 11.  Petitioner did not appeal.

      In the present action, Petitioner reurges his nationality claims.  He alleges he is entitled to

2

derivative citizenship through his father who he claims was naturalized before Petitioner reached his eighteenth birthday.  (Pet. at grounds (a) and (c)).

       <u>Findings and Conclusions</u>:  Habeas corpus petitions brought under 28 U.S.C. § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  *See* Rule 1(b) of the Rules Governing § 2254 Cases (which renders the Rules applicable to § 2241 petitions).

       A petition for writ of habeas corpus under § 2241 is available to a petitioner if he or she is in federal custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241.  The majority of circuits, including the Fifth Circuit, has held that the filing of an immigration detainer, alone, does not place a petitioner "in custody" for purposes of habeas proceedings.  *See Zolicoffer v. United States Dep't of Justice,* 315 F.3d 538, 540-41 (5th Cir. 2003) (collecting cases and agreeing with the majority of circuits that, where there was no contention "that the [former] INS actually has ordered [the alien's] deportation," the existence of an immigration detainer does not amount to custody).   "'Filing a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution.'"  *Id.* at 540 (quoting *Giddings v. Chandler*, 979 F.2d 1104, 1105 n.3 (5th Cir. 1992)).

       Just as in *Zolicoffer*, Petitioner is not presently in custody on any immigration charges.  Rather, he is in BOP's custody serving his 240 month federal sentence.  Therefore, the court concludes that Petitioner cannot satisfy the "in custody" requirement.  His habeas corpus petition should be dismissed for want of jurisdiction.

Even assuming Petitioner could satisfy the "in custody" requirement[1], the district court would still lack jurisdiction over his petition.  His claim of derivative citizenship is premature.  Petitioner seeks a judicial determination of his citizenship claim prior to the inception of a new removal proceeding, which could lead to the reinstatement of his 1988 final removal order or the entry of a new final removal order.

Moreover, exclusive jurisdiction over a citizenship claim lies in the court of appeals.  Following the passage of the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, the law confines Petitioner to raising such a claim only in his eventual removal proceedings and petition for review.  *See* 8 U.S.C. § 1252(a)(5) and (b)(5).  Section 1252(a)(5) divests districts courts of jurisdiction over habeas petitions challenging orders of removal.  *Andrade v. Gonzales,* 459 F.3d 538, 542 (5th Cir. 2006), *cert. denied*, 549 U.S. 1132 (2007); *Hernandez-Castillo v. Moore,* 436 F.3d 516, 518 (5th Cir. 2006), *cert. denied*, 549 U.S. 810 (2006).  Likewise, § 1252(b)(5) specifically vests jurisdiction in the U.S. court of appeals to determine a nationality claim for aliens in removal proceedings.  *Omolo v. Gonzales*, 452 F.3d 404, 407 (5th Cir. 2006) (court of appeals has jurisdiction to review whether petitioner was a U.S. National in petition for review transferred from district court under REAL ID Act).[2]

---

[1]     According to the BOP's website, Petitioner's projected release date is April 14, 2009, less then a month away.  Moreover, it appears that the BOP transferred him to his current location in Texas as a result of the detainer action letter.  *See* Pet. at Exh. T, March 9, 2009 Inmate Request to Staff.

[2]     Whether a person is an alien is an essential jurisdictional fact: the Government lacks the authority to remove a person unless he or she is an alien.  *Ng Fung Ho v. White*, 259 U.S. 276, 284, 42 S. Ct. 492, 495 (1922).  If no genuine issue of material fact about the petitioner's nationality is presented, the court of appeals will decide the nationality claim.  8 U.S.C. § 1252(b)(5)(A).  If there exists a genuine issue of material fact concerning the nationality claim, the court of appeals will transfer the proceeding to the district court for a new

4

Accordingly, the instant petition should be dismissed for want of jurisdiction.  Such a

dismissal is without prejudice to Petitioner's right to pursue his administrative remedies in his

forthcoming removal proceedings and, if unsuccessful, to file a petition for review in the

appropriate U.S. court of appeals challenging any ultimate removal order, including any

derivative citizenship claim.  *See Duncan v. Samuels*, 2007 WL 1674551, *3 (D. N.J. Jun 27,

2007) (No. Civ. 07-1494) (dismissing § 2241 petition by alien who was serving federal sentence

and who had received notice of removal because he had not exhausted his derivative citizenship

claims with Citizenship Immigration Services (CIS), and the court of appeals would have

exclusive jurisdiction to review any of his claims in his upcoming removal proceedings); *Riley v.

Chertoff*, 2006 WL 561927, *1-2 (D. N.J. Mar. 6, 2006) (No. Civ. A 05-3617) (dismissing §

2241 petition by alien challenging immigration detainer which would lead to removal

proceedings as premature because review of derivative citizenship claims would lie exclusively

in the appropriate U.S. court of appeals after entry of final removal order); *see also Escobedo v.

Gonzales*, 2007 WL 128924, *1 (S.D. Tex. Jan. 10, 2007) (No. G-06-738) (dismissing § 2241

petition by Texas state prisoner because his derivative citizenship claim was cognizable only in

the court of appeals in a petition for review); *Shafer v. Bureau of Immigration and Customs

Enforcement*, 2007 WL 1217692 (M.D. Pa. Apr. 24, 2007) (No. 3:07cv264) (dismissing § 2241

petition by alien with pending BIA appeal because U.S. Court of Appeals had exclusive

jurisdiction to review removal orders, including derivative citizenship claims).[3]

---

hearing on the nationality claim.  8 U.S.C. § 1252(b)(5)(B).

[3]        In the event Petitioner were presently subjected to a final removal order, he would
be "in custody" for purposes of habeas corpus jurisdiction.  *See Rosales v. ICE,* 426 F.3d 733,
734-36(5th Cir. 2005) (person subject to a final order of removal is considered to be in custody

<u>RECOMMENDATION</u>:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be dismissed for want of jurisdiction.  Such a dismissal is without prejudice to Petitioner's right to pursue his administrative remedies in his forthcoming removal proceedings and, if unsuccessful, to file a petition for review in the appropriate U.S. Court of Appeals challenging any ultimate removal order, including any derivative citizenship claims.

A copy of this recommendation will be transmitted to Petitioner.

Signed this 27th  day of March, 2009.


WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds

---

for purposes of habeas corpus), *cert. denied*, 546 U.S. 1106 (2006).  Under the REAL ID Act, as stated above, the district court would still lack jurisdiction over his habeas petition.  Relief would be in the court of appeals if within the 30-day window to file a petition for review of the order of removal.  *See* 8 U.S.C. § 1252(b)(1) (setting out 30-day deadline).  Otherwise, the only avenue would appear to be through a motion to reopen before the immigration judge, and if denied through a petition for review.  *See Miechkota v. Chertoff*, 2008 WL 686854 (D. N.D. Mar. 10, 2008) (3:07cv105) (dismissing § 2241 petition asserting a claim of U.S. Citizenship stemming from a removal order, which had long become final, for want of jurisdiction and noting that Petitioner's best course of action was to file a motion to reopen and raise citizenship claim in the immigration court and if necessary by petition for review in the court of appeals).

of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.